E-FILED
Tuesday, 26 October, 2021   08:37:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MINOSA ECHOLS, | ) |
| Plaintiff, | ) |
| v. | ) 20-CV-4054 |
| TERESA JOHNSON, RICHARD LOGAN, and SCOTT WALLACE, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, claims that Defendants failed to protect Plaintiff from an attack by another resident. The other resident, Paul Rexroat, hit Plaintiff in the face with two food trays while Plaintiff was handcuffed behind his back on September 17, 2019. According to Plaintiff, Defendants were aware that Mr. Rexroat posed a substantial risk of serious harm to Plaintiff because Mr. Rexroat was heard telling Defendants that "there would be a problem" if Mr. Rexroat did not get the roommate he wanted. [Orr Aff.] Drawing reasonable inferences in Plaintiff's favor, a few days before the incident Mr. Rexroat told another officer that Mr.

Rexroat felt threatened by Plaintiff because Plaintiff had threatened Mr. Rexroat. The "tension" between Mr. Rexroat and Plaintiff was reported to an unidentified "zone STA 2." [9/16/19 incident report.] Defendant Johnson is an STA 2, which stands for "Security Therapy Aide II." Mr. Rexroat also refused to move his belongings in order to make room for Plaintiff. According to Plaintiff, Mr. Rexroat was trying to force Plaintiff to refuse housing so that Plaintiff would be the one to taken to segregation instead of Mr. Rexroat. Both were in the process of being taken to segregation, but Plaintiff was handcuffed first, giving Mr. Rexroat an opportunity to attack Plaintiff with the food trays.

    Defendants' move for summary judgment, asserting that they had no advance notice that Mr. Rexroat might attack Plaintiff. A rational juror could agree but would not be compelled to do so on this record. Additionally, Defendants' motion is based on an Eighth Amendment deliberate indifference standard, which has been supplanted by the objectively unreasonable standard for Fourteenth Amendment claims such as this one. Defendants' motion for summary judgment is denied.

The Court will try to recruit pro bono counsel to represent Plaintiff at the trial, but the Pro Bono Coordinator has not had much success lately and has many unfulfilled requests in front of this one.  Plaintiff will likely have to represent himself at trial.

On a separate matter, Plaintiff moves to compel Defendants to produce Mr. Rexroat's entire disciplinary file.  The Court did order production of Mr. Rexroat's entire disciplinary file, but the Court now modifies that order.  Plaintiff maintains that Mr. Rexroat has been a DHS resident since 1999, which is twenty years before the incident at issue in this case.  A disciplinary infraction which happened that long ago would have little relevance to proving that Mr. Rexroat posed a substantial risk to Plaintiff in 2019 or that Defendants knew of that risk.  Defendants have already produced for Plaintiff's review 5 years of Mr. Rexroat's behavior committee minutes, which are essentially disciplinary records, and a spreadsheet going back to 2005 listing all of Mr. Rexroat's rule violations.  The Court concludes that this production is sufficient.

**IT IS ORDERED:**

**(1)**  Defendants' motion for summary judgment is denied. [58.]

**(2)**  Plaintiff's motions to compel Mr. Rexroat's entire disciplinary record are denied.  [69, 73, 78.]

**(3)**  Plaintiff's motion titled "legal standard" is moot because the motion is further argument to oppose summary judgment. [80.]

**(4)**  Plaintiff's motion to compel emails is denied as untimely.  [81.]  Discovery closed in November 2020.

**(5)**  Plaintiff's motion for counsel is granted to the extent the Court will try to find counsel for Plaintiff.  [79.]  Plaintiff will have to continue to proceed pro se unless pro bono counsel can be found.

**(6)**  Defendants' motion to strike is moot. [83.]

**(7)**  Plaintiff's motion for status is moot. [89.]

**(8)**  The jury selection is scheduled to begin on Monday, April 25, 2022 at 1:30 p.m. before the Magistrate Judge, assuming the parties consent to the Magistrate Judge picking the jury.

**(9)**  The jury trial is scheduled to being on Tuesday, April 26, 2022 at 9:00 a.m.  If the parties want an earlier trial date, they should consent to the Magistrate Judge.

**(10)**  The final pretrial conference is scheduled for March 28, 2022 at 9:30 a.m.

ENTERED: 10/26/2021

FOR THE COURT:

                              ***s/Sue E. Myerscough***
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE